IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN IRIZARRY,<br>    Petitioner,<br><br>            v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | CIVIL NO. 12-656<br><br>CRIMINAL NO. 05-044-4 |

Pratter, J.                                                                                                                                      November 9, 2012

## MEMORANDUM

On September 22, 2006, after a lengthy jury trial, Petitioner Edwin Irizarry was found guilty of conspiring to participate in the affairs of a racketeering enterprise (RICO conspiracy) (Count 1), three counts of conspiracy to commit murder in aid of racketeering (Counts 18, 21 and 26), one count of attempted murder in aid of racketeering (Count 19), and two counts of using and carrying a firearm in connection with the murder conspiracies (Counts 20 and 22).[1] On March 14, 2007, this Court sentenced Petitioner to life imprisonment on Count 1, concurrent 120-month terms on Counts 18, 19, 21 and 26, a consecutive 120-month sentence on Count 20, and a consecutive 300-month sentence on Count 22. On August 3, 2010, the Third Circuit denied Petitioner's appeal, and affirmed his conviction and sentence.

Petitioner filed a timely *pro se* motion under 28 U.S.C. § 2255 ("2255 Motion") [Doc. No. 955] to set aside his sentence on four grounds: (1) that sentencing counsel was ineffective for failing to object to the sentence imposed for Count 1, based on Petitioner's claim that the maximum sentence for his RICO conspiracy charge was twenty years rather than life

---

[1] On January 26, 2005, along with sixteen co-defendants, Petitioner Irizarry was indicted by a grand jury as a member of a nationwide gang known as the Almighty Latin King and Queen Nation. Petitioner, who was charged in Counts 1, 18–22, and 26 of the 26-count indictment, was tried separately from his co-defendants, whose trial took place from January to March 2006.

imprisonment; (2) that trial counsel was ineffective for failing to object to allegedly erroneous jury instructions concerning the murder conspiracy, attempted murder, and firearms charges; (3) that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting Petitioner's conviction for Count 21; and (4) that trial counsel was ineffective for failing to investigate and interview four potential defense witnesses.  After considering the 2255 Motion and the Government's response in opposition thereto [Doc. No. 967], the Court denied the Motion on July 16, 2012, without an evidentiary hearing; the Court also concluded that a certificate of appealability would not issue [Doc. Nos. 972, 973].  Now before the Court is Petitioner's *pro se* "Motion Pursuant to Rule 59(e)" [Doc. No. 975] asking the Court to reconsider its denial of his 2255 Motion.

Upon consideration of the Rule 59(e) Motion, the Government's response in opposition thereto [Doc. No. 981], and Petitioner's reply [Doc. No. 982], the Court will deny the Rule 59(e) Motion for the reasons discussed below.

## DISCUSSION

Federal Rule of Civil Procedure 59(e) permits motions to amend or alter a judgment and may be granted to submit new, previously undiscovered evidence or to correct a clear error of law or prevent manifest injustice.  *Gutierrez v. Gonzales*, 125 F. App'x 406, 417 (3d Cir. 2005) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).  The applicability of the Federal Rules of Civil Procedure to habeas and § 2255 proceedings has been much debated,  but in general, the Rules are applicable only to the extent that they are not inconsistent with applicable federal statutory provisions and rules, including The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), and the Rules Governing

Section 2255 Proceedings for the Unites States District Courts, Pub. L. No. 94-426, 90 Stat. 1334 (1976). 28 U.S.C. § 2255, Rule 12; Fed. R. Civ. P. 81(a)(4).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held (in the context of a motion for reconsideration of a § 2254 petition denial) that where a motion brought under Federal Rule of Civil Procedure 60(b) attacks a federal court's previous resolution of a claim on the merits, or seeks to add a new ground for relief, such a motion should be considered a second or successive petition for habeas relief, subject to the restrictions of AEDPA. *Gonzalez*, 545 U.S. at 531-32. Accordingly, such a motion may be used only to challenge certain procedural defects in the denial of a § 2255 or § 2254 petition.

Here, citing *Gonzalez* and the Third Circuit's holding in *Pridgen v. Shannon*, 380 F.3d 721 (3d Cir. 2004), the Government argues that a motion brought under Federal Rule of Civil Procedure 59(e) attacking the merits of a petitioner's conviction should also be considered a second or successive habeas petition. However, the Third Circuit has held that "a timely Rule 59(e) motion to amend or alter a judgment is not a second or successive petition, whether or not it advances a claim, and therefore such a motion lies outside the reach of the jurisdictional limitations that AEDPA imposes upon multiple collateral attacks." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) ("[T]he differences between Rules 60(b) and 59(e) are [not] merely technical. To the contrary, as we explained above, we think it is clear that, unlike a Rule 60(b) motion, a Rule 59(e) motion is part of the one full opportunity for collateral review that AEDPA ensures to each petitioner.").

Nevertheless, the Third Circuit has also held that the scope of a motion for reconsideration is extremely limited. *Blystone*, 664 F.3d at 415. "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest

errors of law or fact or to present newly discovered evidence." *Id.* (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess*, 602 F.3d at 251. (internal quotation marks omitted). As Petitioner here does not argue any intervening change in controlling law or availability of new evidence, the Court considers only the last of these grounds.

Petitioner has moved for an amendment or alteration of the Court's July 16, 2012 judgment on the ground that this Court erred by failing to allow him an opportunity to submit a reply brief in support of his 2255 Motion. Doc. No. 975 at 3 ("Argument (A) The court erred by failing to allow petitioner an opp[o]rtunity to submit: [a] Reply to Governme[n]t's response (Traverse)."); *id.* at 4 ("Argument (B) Petitioner request[s] this honorable court to reconsider the order that was given on date July 16, 2012 den[ying] and dismissing with prejudice his 2255 motion for the following: The court erre[d] by failing to allow the opp[o]rtunity to challeng[e] the government response . . . .").[2] Specifically, on June 14, 2011, this Court granted Petitioner's request for an extension to file a reply, and directed him to file such a reply, if any, on or before July 13, 2012. On July 16, 2012, noting in a footnote that Petitioner had failed to file a reply by July 13th, the Court denied his 2255 Motion. On that same day, however, Petitioner's reply was filed on the docket. The Certificate of Service attached to the reply reflects that Petitioner delivered the document to prison officials on July 10, 2012. Pursuant to the "prison mailbox

---

[2] The remainder of Petitioner's Rule 59(e) Motion simply repeats the issues explored in his earlier reply brief, and is therefore not under consideration here as separate grounds for altering or amending the July 16th judgment.

4

rule," his reply is deemed filed as of the date it was delivered to prison authorities for mailing and was therefore timely. 28 U.S.C. § 2255, Rule 3(d). Petitioner now argues that the Court's failure to consider the reply before denying his 2255 Motion "prevented a complet[e] merits determin[ation] by the court" as to the issues raised therein.

A reply is not required in a § 2255 proceeding; however, the Rules Governing Section 2255 Proceedings provide that the moving party *may* submit a reply to the respondent's answer or other pleading within a time fixed by the judge. 28 U.S.C. § 2255, Rule 5(d) & Advisory Committee Notes ("As under Rule 5 of the § 2254 rules, there is no intention here that such a traverse be required, except under special circumstances."). Accordingly, the Court's failure to consider a reply before denying a § 2255 motion does not by definition constitute a "clear error of law" or represent "manifest injustice" to the petitioner. The Court has nonetheless reviewed Petitioner's July 10th reply and concludes that it raises no issue of law or fact not already addressed in the 2255 Motion and considered by the Court prior to its July 16, 2012 judgment.[3]

### CONCLUSION

Because the reply would not have altered the Court's decision to deny the Motion, the Court's failure to consider the reply is insufficient to support alteration or amendment of its July 16, 2012 denial of Petitioner's 2255 Motion. For the reasons outlined herein, an Order consistent with this Memorandum will be entered, denying the Rule 59(e) Motion.

---

[3] In his July 10th reply, as in the bulk of his Rule 59(e) Motion, Petitioner simply rehashes the arguments and revisits the issues advanced in his lengthy 2255 Motion. Petitioner did "move[] to supplement" the fourth ground for his 2255 Motion by claiming that his trial counsel failed to file a timely "Motion for Service of Subpoena," thereby depriving Petitioner of "vital defense witnesses" Eric Alamo, Maria Rivera, Diana Rios, and Michael Garcia. *See* Doc. No. 974 at 8-11. This claim, however, does not differ in any material way from his original claim that trial counsel failed to investigate, interview, or call as fact witness at trial the same four individuals. *See* Doc. No. 955-1 at 4-9. The Government addressed that claim in great detail in its response to the 2255 Motion, *see* Doc. No. 967 at 23-28, and the Court agreed that trial counsel was not ineffective in this regard.